UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

UNITED STATES OF AMERICA                          :

                                      :          16 Cr. 367 (PAC)

    - against -                                     :

                                        :          **OPINION & ORDER**

ANDRE MARIE NGONO,                                :

    Defendant.                                      :

------------------------------------------------------------------------X

Defendant Andre Ngono, *pro se*, moves to modify the protective order (the "Protective Order," ECF No. 17[1]) that Judge P. Kevin Castel entered in this case so that Ngono may use, in his civil case against the victim (Luc Owono), materials that the Government produced subject to the Protective Order. Mot. Partially Modify Protective Order 4–5, ECF No. 109 ("Def.'s Mot."). The Government urges the Court to deny Ngono's motion. Resp. Opp'n 2–4, ECF No. 111. Ngono has failed to show any extraordinary circumstance or compelling need warranting modification of the Protective Order. Further, the Protective Order provides that the documents will be used only for the criminal case and will be returned or destroyed by Ngono at the conclusion of the criminal case. Accordingly, Ngono's motion is DENIED.

## BACKGROUND

On May 4, 2017, a jury found Ngono guilty of: (i) theft of government funds, in violation of 18 U.S.C. §§ 641 and 2 (Counts One and Two); (ii) wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Count Three); (iii) student financial aid fraud, in violation of 20 U.S.C. § 1097 and

---

[1] Unless otherwise indicated, ECF citations are to the criminal docket in this case, number 16-cr-367.

18 U.S.C. § 2 (Count Four); (iv) immigration fraud, in violation of 18 U.S.C. §§ 1546(a) and 2

(Count Five); and (v) aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1),

1028A(b), and 2 (Count Six).  Indictment 1–6, ECF No. 12; Jury Verdict Form 1–3, ECF No. 77.

The charges relate to Ngono's theft of Owono's identity and use of that identity to fraudulently

obtain state and federal benefits.  Resp. Opp'n 1–2.  The Second Circuit affirmed Ngono's

conviction and sentence on February 3, 2020, and the mandate issued on July 8, 2020.  *United*

*States v. Ngono*, 801 F. App'x 19, 26 (2d Cir. 2020); Mandate of USCA 1, ECF No. 108.

On January 5, 2021, Ngono initiated a civil suit against Owono (and others).  Compl. 1,

No. 20-cv-00095-PGG-SN, ECF No. 2; *see also* Second Am. Compl. 1, No. No. 20-cv-00095-

PGG-SN, ECF No. 38.  Ngono now contends that (1) Owono "falsely misled the government to

believe that [Owono] was a victim of identity theft when in fact he was a member of the human

trafficking organization that brough[t] me (Defendant) in The United States" (Def.'s Mot. 2); (2)

the Government's discovery material establishes this claim (*id.*; *see also* Def.'s Reply 2, 6, ECF

No. 112); and (3) unless Ngono is allowed to use the discovery material against Owono, "Owono

and other traffickers will never be held to account."  Def.'s Mot. 4; *see also* Def.'s Reply 6.

Ngono argues that the civil discovery process is insufficient, because Owono has erased evidence

of his involvement in the scheme that Ngono alleges.  Def.'s Reply 6.

## DISCUSSION

Federal Rule of Criminal Procedure 16(d)(1) provides that "[a]t any time, the court may,

for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

Fed. R. Crim. P. 16(d)(1).  "The Second Circuit has not directly addressed the meaning of 'good

cause' in the context of modification of a protective order in a criminal case."  *United States v.*

*Evans*, No. 17 Cr. 684, 2021 WL 1535054, at *1 (S.D.N.Y. Apr. 18, 2021).  But district courts

2

within this Circuit "have generally applied the same standard that exists in civil cases." *Id.* (citing *United States v. Maxwell*, No, 20 Cr. 330, 2020 WL 5237334, at \*1 n.2 (S.D.N.Y. Sept. 2, 2020) (collecting cases)). In civil cases, "a strong presumption" against modifying a protective order applies if the parties to the protective order reasonably relied on it. *United States v. Calderon*, No. 15 Cr. 25, 2017 WL 6453344, at \*3 (D. Conn. Dec. 1, 2017) (citing *S.E.C. v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001)).

Courts consider several factors in determining whether a protective order reasonably invited reliance: (1) the order's scope; (2) the order's express language; (3) "the level of inquiry the court gave prior to granting the order"; (4) "the nature of the reliance"; and (5) the type of materials that the party seeking modification is attempting to access. *Id.* at \*3–5. These factors are non-exhaustive, and "[w]hether to modify a protective order is entrusted to the discretion of the District Court." *Scanlan v. Town of Greenwich*, Civ. No. 3:18CV01322, 2021 WL 1352994, at \*2–3 (D. Conn. Apr. 12, 2021).

Here, the Government has persuasively argued that the presumption against modification applies.

*First*, the Protective Order's breadth, apparently covering all material produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure (*see* Protective Order 1, ECF No. 17; Resp. Opp'n 2), weighs against a finding of reasonable reliance. *See Calderon*, 2017 WL 6453344, at \*3 ("Blanket protective orders tend to be overinclusive and may cover documents that a party would have been required to disclose without a protective order.").

*Second*, the Protective Order's express language weighs strongly in favor of finding reasonable reliance, because it provides that Ngono shall use the material "*solely* for purposes of defending this case" and that the discovery "shall be destroyed or returned to the Government

3

following the conclusion of this case." Protective Order 1–2 (emphasis added); *Evans*, 2021 WL

1535054 at *2; *Calderon*, 2017 WL 6453344, at *4. The Protective Order says nothing about

future modification, which would (if such language were present) weigh against a finding of

reasonable reliance. *Cf. In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255

F.R.D. 308, 320–21 (D. Conn. 2009) (finding that the language of a protective order did not

support reasonable reliance where it expressly acknowledged the possibility of future

modification).

*Third*, "the level of inquiry" factor is neutral. Ngono did not object to the Protective

Order (Def.'s Mot. 2–3), which the court entered without a specific finding of good cause (*see*

Protective Order 1–3). This suggests that the court entered the Protective Order as a matter of

course. *Scanlan*, 2021 WL 1352994, at *7–8. But good cause is apparent from the face of the

order. *See* Protective Order 1 ("WHEREAS the Discovery contains sensitive personal

identifying information of individuals other than the defendant; IT IS HEREBY ORDERED that

the Discovery shall be used by the defendant solely for purposes of defending this case."). Thus,

no searching inquiry was necessary.

*Fourth*, the nature of the Government's reliance weighs in favor of finding reasonable

reliance, because the Protective Order allowed Ngono to quickly receive unredacted documents

and gain "access to documents that he might not otherwise even [have] been entitled to under

Rule 16 or Rule 17 of the Federal Rules of Criminal Procedure." Resp. Opp'n 4; *Calderon*, 2017

WL 6453344, at *4–5 ("There is a stronger presumption of reliance where a party agrees to

'provide materials based . . . solely on the maintenance and enforceability of the protective

order,'" but "[w]here a party 'would have been <u>compelled</u> to produce the discovery materials

even in the absence of a protective order, the presumption against modification is not as strong.'"

(quoting *In re Ethylene*, 255 F.R.D. at 323) (first and third alterations in original)).

*Fifth*, the "type of materials at issue" factor is somewhat difficult to assess, because the

Court has not seen the documents at issue here. *Evans*, 2021 WL 1535054, at *2 n.2.

Nevertheless, the Court can conclude that they are discovery materials that disclose personal

identifying information of the victim in this criminal case (whom Ngono is now suing civilly).

Resp. Opp'n 2, 4. The Protective Order was designed to protect the victim, so modifying it to

allow Ngono to use the discovery material against the victim is unwarranted. *Cf. Calderon*, 2017

WL 6453344, at *5 ("The purpose of the Protective Order was to limit Calderon's use of

discovery materials to his criminal case. Calderon cannot now use those documents in the

process the Protective Order initially circumvented.").[2]

Upon balancing these factors, the Court concludes that the Government reasonably relied

on the Protective Order, so that the strong presumption against modification applies. That

presumption can be overcome only "if there is a showing of 'improvidence in the grant of [the]

order or some extraordinary circumstance or compelling need.'" *United States v. Kerik*, No. 07

CR 1027, 2014 WL 12710346, at *1 (S.D.N.Y. July 23, 2014) (quoting *TheStreet.com*, 273 F.3d

at 230, 231) (alteration in original). Ngono has failed to demonstrate either. Ngono concedes

that there was no improvidence in the original grant (*see* Def.'s Mot. 2–3), and his argument that

---

[2] To the extent that Ngono is entitled to obtain this material through civil discovery, it would
certainly conserve judicial resources to simply modify the Protective Order in this case instead of
requiring him to engage in duplicative discovery. *See Calderon*, 2017 WL 6453344, at *5. The
problem is that it is unclear whether Ngono is entitled to obtain this material through civil
discovery, and the Court is disinclined to provide him with access to material that he has no right
to access. *Id.* ("[I]f the litigant is attempting to get around obstacles in discovery in a separate
case and access documents the party would not otherwise have a right to, the court should not
modify the protective order.").

it would be unfair to allow the Government to use the discovery material against Ngono in his criminal case but not allow Ngono to use it against his victim in a subsequent civil case, is unpersuasive. *See* Def.'s Mot. 4–5. The Court has considered Ngono's other arguments and finds them meritless.

## CONCLUSION

Ngono's motion to modify the Protective Order is DENIED. Because the Second Circuit affirmed Ngono's conviction and sentence over a year ago, this criminal case has concluded, and Ngono should have destroyed the discovery material or returned it to the Government. *Ngono,* 801 F. App'x at 26; Resp. Opp'n 3; Protective Order 2. To the extent that Ngono still has any material covered by the Protective Order, he is hereby ordered to destroy it or return it to the Government.

The Clerk of Court is directed to close the motion at ECF number 109.

Dated: New York, New York          SO ORDERED
      July 7, 2021

                                          HONORABLE PAUL A. CROTTY
                                          United States District Judge